### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

_____

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | **Case No. 00-CR-20053** |
| ) | |
| **KARL COLE,** ) | |
| ) | |
| **Defendant.** ) | |

### OPINION

On July 27, 2001, a sentencing hearing was held and Defendant, Karl Cole, was sentenced to a term of 168 months in the Federal Bureau of Prisons for a crack cocaine offense. On February 29, 2008, Defendant, through his counsel, Scott Lerner, filed a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (#25) based on the retroactive amendment to the sentencing guideline range regarding crack cocaine sentencing.

On June 16, 2008, the Government filed a Response to Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (#26). The Government stated that Defendant's motion was based upon amendments to the Sentencing Guidelines that lowered the base offense levels applicable to crack cocaine offenses. The Government stated that the amendment to the Sentencing Guidelines is inapplicable to Defendant because Defendant was found accountable for the distribution of over 20.97 kilograms of cocaine base ("crack"), an amount in excess of 4.5 kilograms. The Government pointed out that, prior to the adoption of Amendment 706, the Sentencing Guidelines assigned a base offense level of 38 to any quantity of cocaine base ("crack") of 1.5 kilograms or more. The Sentencing Guidelines, as amended by Amendment 706, now assign a base offense level of 38 to any quantity of cocaine base ("crack") of 4.5 kilograms or more. Therefore, even under the Sentencing Guidelines, as amended, Defendant's offense level remains at 38. The Government argued that, because the applicable Sentencing Guideline range for Defendant does not change, there is no basis for a reduction

in Defendant's sentence under 18 U.S.C. § 3582(c)(2).

On August 11, 2008, Defendant filed his Response to the Government's Response (#29). Defendant did not directly dispute the Government's analysis. However, he pointed out that he had taken the position at sentencing that he should not have been held accountable for the crack cocaine which was distributed by others. Defendant acknowledged that this court rejected that argument. Defendant contended, however, that he could be eligible for a reduction in his sentence at the discretion of this court since the guidelines are no longer mandatory and he was sentenced prior to the decision in United States v. Booker, 543 U.S. 220 (2005). Defendant argued that this court has wide discretion in modifying sentences based on the disparity between sentences for powder cocaine and crack cocaine and that "the much greater discretion in sentencing and modification of sentences provided to the trial court since the time of the sentencing should be considered in this case."

This court agrees with the Government that Defendant is not eligible for a reduction in his sentence under 18 U.S.C. § 3582(c)(2). This statute provides that a "court may not modify a term of imprisonment once it has been imposed except . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." 18 U.S.C. § 3582(c)(2). This court notes that, when Defendant was originally sentenced on July 27, 2001, the Sentencing Guidelines set distribution of 1.5 kilograms of crack cocaine as the threshold for the maximum base offense level of 38. See United States v. Palm, 2008 WL 3091266, at *1 (N.D. Ind. 2008). As a result of Amendment 706 to the Sentencing Guidelines, a quantity of 4.5 kilograms of crack cocaine is now the threshold for the maximum base offense level of 38. See Palm, 2008 WL 3091266, at *1, citing U.S.S.G. § 2D1.1(c)(1) (2007). Therefore, because Defendant was found accountable at sentencing for the distribution of more than 4.5 kilograms of crack cocaine, his offense level of 38 has not been changed by Amendment 706 and his sentencing range has not "subsequently been lowered by the

Sentencing Commission." See Palm, 2008 WL 3091266, at *2-3.  The "new amendment does not apply where more than 4.5 kilograms of crack is involved." United States v. Wanton, 525 F.3d 621, 622 (8th Cir. 2008).  Accordingly, because the application of the amendment does not result in a different sentencing range, Defendant's sentence may not be reduced under 18 U.S.C. § 3582(c)(2). See United States v. McFadden, 523 F.3d 839, 840-41 (8th Cir. 2008); Palm, 2008 WL 3091266, at *3; United States v. King, 2008 WL 2036894, at *1 (N.D. Iowa 2008).

    IT IS THEREFORE ORDERED THAT:

    (1) Defendant's Motion to Reduce Sentence (#25) is DENIED.

    (2) Defendant has 10 days from the date of this court's order to file a Notice of Appeal with the clerk of this court.

ENTERED this 20th day of August, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE